AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  6:25-mj- 1856 |
| JOHN DANIEL FOWLER | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 29, 2025 _____ in the county of _____ Orange _____ in the _____ Middle _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 2244(a)(2), 18 U.S.C. § 2260A, and 49 U.S.C. § 46506(1) | Abusive sexual contact by registered sex offender |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Alexis Alvarez, Task Force Officer
_____
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me
pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: _____ 08/01/2025 _____

_____
*Judge's signature*

City and state: _____ Orlando, Florida _____     NATHAN W. HILL, U.S. Magisitrate Judge
_____
*Printed name and title*

**STATE OF FLORIDA**                          **CASE NO. 6:25-mj-**1856

**COUNTY OF ORANGE**

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Alexis Alvarez, Customs and Border Protection Officer and Task Force Officer with the Federal Bureau of Investigation ("FBI"), Tampa Division, being duly sworn, hereby depose and say the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I have been a Task Force Officer (TFO) with the FBI since January 2019, during which time I have been assigned to domestic terrorism investigations in the Tampa Division – Orlando Resident Agency, including crimes aboard an aircraft. I have interviewed and debriefed informants, conducted physical surveillance, conducted consensual monitoring, executed search and arrest warrants, and analyzed financial, business, and telephone records. I have received training in and have experience in the enforcement of the laws of the United States, including laws related to crimes aboard an aircraft.

2.      The statements contained within this affidavit are based on my own investigation, on information obtained from other FBI employees, other law enforcement agencies, and from non-governmental entities.

3.      This affidavit does not set forth every fact developed thus far in the investigation; rather, it contains a summary of the investigation to date and sets forth

only those facts that I believe are necessary to establish probable cause to arrest the person described herein.

4.     Based on the below information, I submit that there is probable cause that JOHN DANIEL FOWLER ("FOWLER") knowingly engaged in or caused sexual contact with another person, which offense constituted a felony involving a minor by a person required to register as a sex offender, in violation of 18 U.S.C. § 2244(a)(2), 18 U.S.C. § 2260A, and 49 U.S.C. § 46506(1).

### PROBABLE CAUSE

5.     On July 29, 2025, at approximately 9:17 a.m., the Orlando Police Department (OPD) was dispatched to Gate 27 at the Orlando International Airport for a complaint on Spirit Airlines flight NK 1523 from Indianapolis, Indiana to Orlando, FL. The complaint involved a report that, while on the aircraft, FOWLER had sexual contact with a 17-year-old minor, hereinafter referred to as "Victim 1."

6.     OPD officers did an initial investigation by speaking to Victim 1 and some of the crew members, following which I arrived on scene and conducted additional investigation of my own by speaking to Victim 1 and subsequently speaking to an agent who was present during a Child/Adolescent Forensic Interview ("CAFI") that was conducted on the morning of August 1, 2025, by a trained CAFI Interviewer. As a result of those interviews and certain flight records that I have reviewed, I learned the following:

7.      Victim 1 was assigned to seat 27B, a middle seat. Seated next to the victim in seat 27C, an aisle seat, was the suspect, John Daniel FOWLER, DOB xx/xx/1960.

8.      During the flight, Victim 1 asked the person seated in 27A, a window seat, if Victim 1 could take a photo of the view from the window. After Victim 1 took the photo, Victim 1 stated that FOWLER asked Victim 1 if she could send the photo to him. As a result, FOWLER provided Victim 1 with his phone number. Victim 1 further explained that during the flight, FOWLER continued to try having a conversation with her, but she did not want to engage in conversation with him and so shut the conversations down.

9.      Victim 1 stated that several times during the flight, FOWLER had his hand over on her seat. Each time, Victim 1 moved FOWLER's hand away from her.

10.      Victim 1 further explained that she was asleep and had a blanket covering her and both feet up on her seat as the aircraft approached Orlando. Once the aircraft landed, but before any of the aircraft's doors were opened, Victim 1 explained that she awoke to FOWLER touching her vagina under her blanket. Specifically, FOWLER's hand was under Victim 1's blanket but over her leggings, and he was making repeated circular motions on her vaginal area. Victim 1 stated that she screamed until she caught the attention of a flight attendant who immediately relocated her to the front of the aircraft and relocated FOWLER to the rear of the aircraft. The flight attendants confirmed that Victim 1 had, in fact, reported the incident at that time, and they relocated her and FOWLER.

11.     After the plane taxied to and arrived at the gate, FOWLER was interviewed by responding OPD officers. During the interview, FOWLER claimed that he reached down to grab Victim 1's thermos, which had fallen over. FOWLER stated that he reached down to grab Victim 1's thermos and when he came back up his arm touched her leg. FOWLER denied touching her vagina and claimed that he was not on any medication or alcohol at the time.

12.     Before the flight, FOWLER had an incident at the gate in Indianapolis due to being charged $100 USD for the size of his luggage. This incident was not received well by FOWLER who respond by blurting out that he hoped the plane would crash. FOWLER then apologized and was still allowed to board the aircraft destined to Orlando.

13.     I have reviewed court records from State of Indiana, Marion Superior Court 31, Case No. 49D31-1807-F3-023465, which show that on November 6, 2023, FOWLER was convicted of Sexual Battery. The probable cause affidavit for FOWLER's arrest in that case reflects that the victim in that case (Victim 2) was sleeping at her residence when she woke up to FOWLER licking her vagina. At that time, Victim 2 kicked FOWLER and escaped to the house of a neighbor, who called the police. Victim 2 reported that FOWLER was "her boyfriend's step-dad's brother" who had been staying in her detached garage on an air mattress.

4

14.     FOWLER is a registered sex offender.

_____
Alexis Alvarez
Task Force Officer, FBI

Affidavit submitted by email and attested
to me as true and accurate by videoconference
consistent with Fed. R. Crim. P. 4.1 and 41(d)(3)
before me this \_\_1st\_day of August 2025.

_____
HON. NATHAN W. HILL
United States Magistrate Judge

5